# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9627 | **DATE** | 9/19/2002 |
| **CASE TITLE** | StunFence vs. Gallagher | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to 1/21/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** StunFence's motion (Doc 50-1) to alter or amend judgment dismissing its fraudulent misrepresentation claim is denied. All fact discovery to be completed by January 21, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 2 0 2002 date docketed | 58 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | SCT courtroom deputy's initials | SEP 2 0 2002 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STUNFENCE, INC. and ROBERT GILMOUR, | )<br>) **DOCKETED**<br>) SEP 20 2002 |
| Plaintiffs, | )<br>) |
| vs. | ) 01 C 9627<br>) |
| GALLAGHER SECURITY (USA), INC.; GALLAGHER SECURITY (INT.) LIMITED; GALLAGHER GROUP LIMITED; and GALLAGHER POWER FENCE, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Plaintiffs StunFence, Inc.'s and Robert Gilmour's Rule 59(e) motion for reconsideration[1] of the judgment dismissing their fraudulent misrepresentation claim. For the reasons set forth below, we deny the motion.

## BACKGROUND

Plaintiff Robert Gilmour is a former employee of Defendant Gallagher Security (USA), Inc., a subsidiary of Defendants Gallagher Security International and Gallagher Group Limited (collectively "Gallagher"). Gallagher initially engaged in direct sales in the United States, but in mid-1999 decided to abandon that method in favor of relationships with independent distributors and to attempt to market its fencing to correctional institutions. At that time, Gallagher terminated

---

[1] A motion for reconsideration under Rule 59(e) is more accurately referred as a motion to alter or amend.

58

Gilmour's employment but gave him the option to continue dealing with Gallagher as a distributor, operating in the portion of the northeast United States as far south as Tennessee and North Carolina and as far west as the Mississippi River. He accepted, and the parties executed an agreement giving Gilmour and his company, StunFence, Inc. (collectively "StunFence"), the exclusive right to distribute Gallagher products within that area, the non-exclusive right to distribute in other parts of the United States, and exclusive control over certain dealers and subdistributors, as well as other things.

According to StunFence, over the ensuing two years, they built a market for non-lethal electric fencing with correctional facilities and other commercial customers in the United States. They attest that by late 1999, Gallagher was not living up to the terms of the agreement; at that time Gallagher allegedly did business directly with subdistributors that StunFence believed were to deal only with them. At around the same time, the parties began to have disagreements about StunFence's use of less expensive parts such as nuts, bolts, and brackets not manufactured by Gallagher in Gallagher fences. StunFence also avers that Gallagher solicited customers within StunFence's exclusive distribution area from 2000 until the present time. Supply and invoicing also presented numerous problems. The tension between the two parties escalated until November 2001, when Gallagher terminated its distribution arrangement with StunFence.

Less than three weeks later, StunFence filed this action. StunFence's first amended complaint (the "Complaint"), alleges thirteen causes of action including fraudulent misrepresentation. Gallagher moved to dismiss seven of the claims, including the fraud claim. We granted their motion with respect to the fraud claim. StunFence now moves to alter or amend the

judgment dismissing their fraud claim pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Motions for reconsideration under Rule 59(e) are designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (7th Cir.1986) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

StunFence's motion for reconsideration raises two main arguments: (1) StunFence properly alleged a scheme to defraud and (2) the allegations cited by the Court do not contradict such a scheme. We reject both arguments.

To properly allege fraud, "a plaintiff must at least plead with sufficient particularity facts establishing the elements of fraud, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made." *Board of Educ. v. A, C and S, Inc.*, 546 N.E.2d 580, 594 (Ill. 1989) (emphasis added). StunFence directs us to "Paragraphs 14-18 and 124-134 of the Complaint" for the "core allegations concerning the scheme" to defraud. Nowhere in those paragraphs, or elsewhere in the Complaint, does StunFence identify a single individual who made any of the alleged misrepresentations of future conduct. Thus, StunFence has failed to allege a scheme to defraud. *See Doherty v. Kahn*, 682 N.E.2d 163, 176 (Ill. App. Ct. 1997) ("We do not believe that plaintiff has sufficiently pled facts to show the existence of a scheme. Specifically, plaintiff fails to allege which defendant made the statements.").

Further undermining an alleged scheme to defraud, StunFence alleges facts contradictory to its contention that Gallagher never intended to make good on the alleged representations. StunFence admits that Gallagher did not act contrary to the alleged representations until some time after the parties executed the distribution agreement. Compl., ¶¶28, 29, 36, 38. Initial compliance with representations is contrary to the existence of an intent not to comply with them.

StunFence explains that Gallagher's initial compliance with its alleged representations was in furtherance of its scheme to lead StunFence along into developing a market and good will that subsequently could be usurped. While it is entirely possible that this was Gallagher's intention all along, StunFence has failed to plead any specific facts establishing that there was an intent not to perform at the time of the alleged representations. *See Doherty*, 682 N.E.2d at 176 (In affirming the dismissal of a scheme to defraud claim, the Appellate Court of Illinois noted that "there are no facts alleged that, at the time of the alleged representations, there was an intent not to perform them.").

All StunFence has offered are allegations of misrepresentations and a possible motive for making them. Without requiring more, every claim for misrepresentation could also be a claim for fraud.

## CONCLUSION

Based on the foregoing, StunFence's motion to alter or amend the judgment dismissing its fraudulent misrepresentation claim is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: September 19, 2002